KNOLL, Judge.
This contest began as a disagreement between Patti Kempf, the St. Landry Parish Clerk of Court, and the District Court Judges of St. Landry Parish, Isom Guillory, H. Garland Pavy, Joseph A. LaHaye, and Robert Brinkman, over the method of appointing minute clerks and other court personnel.
Prior to March 13, 1990, Kempf appointed various minute clerks and deputy docket clerks to the four divisions of district court in St. Landry Parish. On March 13, 1990, the four district court judges of St. Landry Parish issued a per curiam approving, recognizing and confirming the persons appointed by Kempf; the only variation in the latter was that the district judges referred in their March 13, 1990, per curiam to the appointees as minute clerks and assistant minute clerks.
On March 15, 1990, Kempf filed suit in St. Landry Parish district court against the four district court judges, seeking: (1) the appointment of a judge ad hoc to hear the case; (2) an order to show cause why the district judges’ per curiam of March 13, 1990, should not be set aside; and, (3) a stay order enjoining the district court judges from approving, recognizing, and confirming the minute clerks and assistant minute clerks recognized in their March 13, 1990, per curiam.
A judge ad hoc was appointed on March 27, 1990, and on March 28, 1990, a hearing was held on a peremptory exception of no cause of action and a declinatory exception of lack of jurisdiction over the subject matter of the action. After hearing oral argument on the exceptions, the district court dismissed Kempf’s action on the peremptory exception of no cause of action, finding that Kempf’s proper remedy to challenge the per curiam should have been by writ or appeal to the Third Circuit Court of Appeals.
Kempf appealed suspensively, contending: (1) that the district court erred in granting the peremptory exception of no cause of action; and, (2) that district judges do not have authority to appoint, recognize, and confirm minute clerks and assistant minute clerks.
Without addressing the various procedural questions involved herein,[1] we affirm finding no justiciable issue presented.
Assuming arguendo that Kempf should have been allowed a hearing on her petition in district court,[2] we find no error in the trial court’s dismissal of Kempf’s petition.
LSA-La. Const. Art. 5, Section 28 states, in pertinent part:
“(A) Powers and Duties; Deputies.
*395 In each parish a clerk of the district court shall be elected for a term of four years. He shall be ex officio notary public and parish recorder of conveyances, mortgages, and other acts and shall have other duties and powers provided by law. The clerk may appoint deputies with duties and powers provided by law and, with the approval of the district judges, he may appoint minute clerks with duties and powers provided by law.” (Emphasis added.)
This is the exact procedure followed in the case sub judice. Kempf made appointments and the four district judges signified their approval of the appointments by issuing an en banc per curiam.
There is no merit to Kempf s contention that the appointment process rests solely with the Clerk of Court. Under LSA-La. Const. Art. 5, Section 28, if the judges do not approve of a clerk’s appointment, the clerk has no alternative but to appoint someone else who musters approval. As a practical matter this two-step “advise and consent” mechanism insures that the minute clerk and support personnel will work well with the judge; certainly, it would not be advisable to hamper the judiciary with the appointment of court personnel who would not work hand-in-hand with the judge and thereby impede the judicial process. We likewise refuse to address Kempf’s contention that the judges’ approval of assistant minute clerks is not sanctioned by law. Whether these persons are called assistant minute clerks or deputy docket clerks, Kempf’s assignation is of no moment. In the present case, the persons appointed by Kempf were approved by the judges. Accordingly, LSA-La. Const. Art. 5, Sec. 28 has been complied with. Therefore, we have not been presented with a controversy in need of resolution.
For the foregoing reasons, the judgment of the trial court is affirmed. Costs are assessed to Patti Kempf, St. Landry Parish Clerk of Court.
AFFIRMED.

. There is a question of whether Kempf is properly before us since she no longer serves as the Clerk of Court. Under LSA-C.C.P. Art. 806 when an officer of the state, municipality or parish ceases to hold office, his successor may be substituted therefor. In the present case, Kempfs successor has not sought to be substituted. If the district judges had requested, we could have dismissed Kempfs action under LSA-C.C.P. Art. 804. In the absence of such a motion, we must proceed with our review of the appeal.

. We have extensively researched this issue and find no case directly on point. However, in Imbornone v. Early, 401 So.2d 953 (La.1981), the Supreme Court impliedly held that a hearing was allowable in district court. In Imbornone the judges of the Civil District Cotut, acting en banc, ousted a First City Court judge from his courtroom and chambers. The First City Court judge filed suit in Civil District Court before a judge ad hoc on the correctness of the en banc decision and then appealed an adverse ruling to the Supreme Court after a hearing was held in district court. Without commenting on the hearing procedure in the district court utilized by Imbomone, the Louisiana Supreme Court addressed the issues presented. Accordingly, it may be argued that on the basis of Imbomone, the ad hoc judge in St. Landry Parish could have properly ruled on the issues presented. However, since the issue before the ad hoc judge in St. Landry was purely legal and it expressed its opinion on the legal issue, we have chosen to treat the hearing issue as moot.